UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:06 CR 118 |
| | ) | |
| JEWELL G. HARRIS, SR. | ) | |

## OPINION and ORDER

On January 30, 2008, a jury returned verdicts finding defendant Jewell G. Harris, Sr. guilty of two counts of mail fraud in violation of 18 U.S.C. § 1341, two counts of wire fraud in violation of 18 U.S.C. § 1343, and two counts of money laundering in violation of 18 U.S.C. § 1957. (DE # 93.) The jury also acquitted defendant of one charge of mail fraud. (*Id.*) The government moved for a final order of forfeiture. (DE # 100.) In response, defendant moved for a judgment of acquittal pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 29(c), or alternatively for a new trial pursuant to RULE 33. (DE # 112.) The government has responded to defendant's motion. (DE # 113.) The court will now address defendant's motion for a judgment of acquittal or a new trial.

The court may grant a motion for a judgment of acquittal only if, when the evidence is considered in the light most favorable to the government, no reasonable jury could find guilt. *United States v. Washington*, 184 F.3d 653, 657 (7th Cir. 1999). The standard for granting a new trial is less strenuous, allowing the court to weigh the evidence including, in appropriate cases, newly-discovered evidence, and act in the interests of justice. A new trial may be ordered if the "verdict is against the manifest

weight of the evidence, taking into account the credibility of the witnesses." *Id.*; *United States v. Alanis*, 265 F.3d 576, 590 n.8 (7th Cir. 2001).

This case involves the excavation of a plot of land in Gary, Indiana where a minor league baseball stadium now stands. In 2001, the city of Gary (the City) selected the firm Reith Riley to excavate the site where the baseball stadium was to be built. Because the stadium's field was designed to be below ground level, this task involved the removal of thousands of tons of dirt, sand and other materials. Defendant's firm, Enterprise Trucking, reached an agreement with Reith Riley to haul excavated material away from the construction site. Enterprise also had a preexisting contract with the City to haul and dispose of demolition debris from various demolished buildings and structures in Gary. The government charged that Enterprise, under defendant's direction, billed the City under its demolition debris contract for work that Reith Riley was also paying Enterprise to do. Defendant's firm, at his direction, then took the money the City paid and deposited it in various banks, committing mail fraud, wire fraud and money laundering. At trial, the government supported these allegations with testimony from former Enterprise employees, City employees, Reith Riley employees, and a former IRS agent, and with hundreds of pages of business and financial records.

In his motion, defendant first argues that the government failed to prove its case. This first argument has two contentions: first, that Enterprise acted properly in billing the City, and, second, that the government failed to show that defendant was "involved

2

in the day to day operations of the office" and thus failed to demonstrate he knew of any wrongdoing. (DE # 112 at 4.)

With his first contention, defendant tries to flip the government's case on its head. The government alleged, and the jury found, that Enterprise wrongly billed the City $1.5 million for work Reith Riley also paid it $90,000 to do. Defendant claims that in fact the City was correct to pay him, and that the actual error was receiving $90,000 from Reith Riley. While creative, the evidence does not support this argument.

As the government notes, Enterprise's contract with the City was for carrying demolition debris, not for hauling excavated dirt and sand from the baseball stadium construction site. In contrast, the subcontract with Reith Riley covered Enterprise's actions exactly– hauling away dirt, sand and rock from Reith Riley's stadium excavation site. In addition, while billing the City for the work at the stadium site, Enterprise did not reveal that it had a subcontract with Reith Riley. As former Gary Mayor Scott King testified, the City would not have authorized payment to Enterprise had he known it had a contract with Reith Riley for the same work. In short, there was substantial evidence that the City was erroneously billed for the work at the stadium site, not Reith Riley.

Defendant also claims that there was insufficient evidence that he knew of the double billing. However, the court believes the government presented strong evidence of defendant's knowledge and direction of the double-billing scheme. Defendant was the sole owner of Enterprise. He negotiated the subcontract with Reith Riley. He

3

frequently came down to the stadium to check on his firm's work. He spoke with on-site Enterprise supervisors quite often. A former employee testified that nothing happened at Enterprise without defendant's knowledge. Further and most importantly, there was undisputed and corroborated evidence that defendant directed Enterprise drivers to have their trucks weighed after filling up with excavation debris at the stadium site. As was made patently clear, the only reason to weigh each truck was so Enterprise could bill the City for hauling excavation debris, work that Reith Riley was also paying it to do. Only the contract with the City reimbursed Enterprise on a per ton basis. Finally, the one witness who did portray defendant as uninvolved with Enterprise's day-to-day operations— defendant's long-time office manager, Linda Arce— was discredited on cross-examination. Given the evidence, the jury made a reasonable conclusion that defendant knew of the double-billing. Defendant's insufficient evidence claim does not merit acquittal or a new trial.

Defendant also argues for an acquittal or a new trial based on ineffective assistance of counsel, claiming that his counsel did not have adequate time to prepare for trial due to the government opposing his requests for additional continuances.[1] (DE # 112 at 5-6.) To prevail on a claim for ineffective assistance of counsel, defendant would need to show that his counsel was so ineffective that his representation violated

---

[1] Defendant also alleged in his motion that the government had lied about its reasons for opposing further continuances, and that he intended to file a motion requesting the court to order the government to provide him with information, presumably its "true" reasons for opposing further continuances. (DE # 112 at 5-6.) However, defendant failed to file any such motion.

defendant's constitutional right to counsel, and that this ineffective representation prejudiced his case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Defendant complains that his counsel did not have adequate time to prepare, but fails to explain what counsel would have done with more time and why the lack of additional time prejudiced his defense. From this court's perspective, defense counsel did an admirable job in attacking the government's case, especially here, where there was substantial evidence of the core criminal act—Enterprise's billing of both the City and Reith Riley for the same work. Further, as the government notes, defendant's acquittal on one count of mail fraud belies his ineffective assistance claim. This claim also falls far short of meriting an acquittal or a new trial.

For the foregoing reasons, defendant's motion for a judgment of acquittal or a new trial (DE # 112) is **DENIED**.

                                          **SO ORDERED.**

**DATE:** May 5, 2008

                                          s/James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT